Charles P. PARKS, Appellant,

v.

The BOARD OF ADJUSTMENT OF the CITY OF KILLEEN, Appellee.

No. 12713.

Court of Civil Appeals of Texas, Austin.

May 10, 1978.

Rehearing Denied June 7, 1978.

Dennis C. Holle, Dulany & Holle, Belton, for appellant.

J. Rush Milam, III, City Atty., Killeen, for appellee.

SHANNON, Justice.

This appeal involves construction and application of the zoning ordinance of Killeen. The issue is whether operation of a music school by a property owner in his residence violates the ordinance. The judgment of the district court of Bell County affirmed the order of the Board of Adjustment of Killeen. That order was to the effect that operation of the school was not in violation of the ordinance. We will affirm the judgment.

Charles E. Baxter and wife, Margaret, own a residence in Killeen. Their property is located in a district zoned single-family residential. The Baxters live in the house and they also conduct a music school there. They teach as many as one hundred-ten student hours each week. Several students are taught different music instruments simultaneously. The Baxters earn in excess of $20,000 annually from operation of the music school.

Appellant Charles P. Parks owns property near the Baxter residence. Parks initiated proceedings culminating in this appeal in an effort to close down the music school. Parks' position was, and is on appeal, that the operation of the music school was in violation of Subsection 6 of the zoning ordinance. The relevant provisions of Subsection 6 are here set out:

"Section 6. District 'R–1.' Single-family residential district.

SUBSECTION 6–1. USE REGULATIONS

(M) Accessory buildings and uses, customarily incident to the uses in this subsection 6–1 and located on the same lot therewith, not involving the conduct of a retail business.

(1) The term accessory use shall include customary home occupations such as the office of a milliner, dressmaker, musician or artist, provided that such uses are located in the dwelling used by such a person as his or her private residence, and provided that no assistant not a member of the family residing on the premises is employed, and no window display or sign is used to advertise the same."

Subsection 6–1(M)(1) permits accessory uses customarily incident to single-family dwellings. An examination of Subsection 6–1(M)(1) demonstrates that an accessory use includes customary home occupations. A music school is a "customary home occupation" by the terms of the section. The proof shows that the Baxters use the dwelling as their private residence and that only the Baxters conduct music classes.

By several points of error, appellant insists that the size of the music school and its income are additional limitations which must be considered in the determination whether the music school operation is a "customary home occupation." If the size and income of the school were to be considered, appellant claims that the school could not be viewed as a "customary home occupation."

Appellant's primary authority for argument that a residential music school may lose its "home occupation" status if it becomes too extensive is *Florence v. Turbeville,* 239 S.C. 126, 121 S.E.2d 437 (1961). In *Florence* two hundred-twenty students were instructed six days each week by the owners of the residence. The facts were in that case that the dominant use or purpose of the property was no longer residential but instead commercial. To the contrary, in the case at bar, the evidence supports the district court's presumed conclusion that the property was still used as a residence and the giving of music lessons was but incidental to that use.

Subsection 6–1(M)(1) does not characterize "customary home occupation" in terms of profitability or volume of business. Had the city council desired to so limit the term, "customary home occupation," it could have done so. It is not for the Board of Adjustment or the courts to engraft further limitations upon the ordinance. Accordingly, the Baxter's music school remains a "customary home occupation" even though prosperous and well attended. Appellant's points of error are overruled.

The judgment is affirmed.